1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

DAVID Q. WEBB,

Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

Defendants.

CASE NO. 3:22-cv-05448-TL

REPORT AND RECOMMENDATION

NOTED FOR: October 7, 2022

11
12
13
14
15
16

Plaintiff's motion to proceed *in forma pauperis* ("IFP") is before the Court on referral

17 from the District Court pursuant to 28 U.S.C. § 636. *See* Dkt. 1.

18 This is not plaintiff's first time attempting to bring a federal lawsuit against the 43

19 defendants he names in his proposed complaint. Plaintiff attempted to bring the same claims

20 against these defendants in another matter currently pending before the Honorable Judge Lin.

21 This Court screened the claims in that matter and, after providing plaintiff an opportunity to cure

22 their deficiencies, recommended that all but one claim be dismissed without prejudice for failing

23 to state a claim. Judge Lin adopted this Court's recommendation and declined to allow plaintiff

24

1    to amend his complaint regarding the deficient claims. Less than two weeks after Judge Lin

2    issued her order, plaintiff initiated the instant action by filing a proposed complaint containing all

3    of the claims that were rejected in the first action.

4         Due to the proximity of this action with plaintiff's prior action and the fact that his

5    proposed complaint is strikingly similar to the proposed complaints that were dismissed in the

6    previous action, the Court ordered plaintiff to show cause explaining how he has cured the

7    deficiencies previously identified with his claims. After reviewing plaintiff's response and

8    screening the proposed complaint, the Court concludes that plaintiff has not cured the

9    deficiencies with his claims against these defendants. Further, based on his response to this

10   Court's order to show cause and the fact that amendments in his first action were unsuccessful, it

11   appears that plaintiff is incapable or unwilling to cure the deficiencies with these claims. Thus,

12   giving plaintiff an opportunity to amend his proposed complaint would be futile.

13        The undersigned therefore recommends that plaintiff's proposed amended complaint be

14   dismissed, his motion to proceed IFP be denied as moot, and that the case be closed.

15   **BACKGROUND**

16        Plaintiff is *pro se* and seeks to proceed IFP so that he may file an 80-page complaint with

17   various unrelated claims for damages against more than forty defendants, which include the State

18   of Washington, Kitsap County, the Kitsap County Sheriff, prosecutors and public defenders,

19   corrections officers, medical providers, McDonald's and its employees, and state court judges.

20   *See* Dkt. 1-1. Less than two weeks before plaintiff filed his motion to proceed IFP and his

21   proposed complaint in this action, Judge Lin issued an order adopting this Court's report and

22   recommendation dismissing a similar complaint in a previous action brought by plaintiff and

23   declining to allow plaintiff to file an amended complaint. *See* Cause No. 3:21-cv-05761-TL, Dkt.

24

1    19; *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take

2    judicial notice of . . . documents on file in federal or state courts." (citation omitted)).

3            Due to the striking similarity with plaintiff's deficient complaints in the previous action,

4    *Compare* Dkt. 1-1, *with* Cause No. 3:21-cv-05761-TL, Dkts. 6, 11-1, the Court ordered plaintiff

5    to show cause how the claims in his proposed complaint are cured of the deficiencies this Court

6    and Judge Lin identified in the previous action. *See* Dkt. 8 at 3. Plaintiff filed a response to the

7    Court's order to show cause and a supplement to his complaint that includes various

8    correspondence, such as a settlement demand letter, and court orders. *See* Dkts. 10, 11.

9                                      **DISCUSSION**

10    **I.    Legal Standard**

11            The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to

12    mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or

13    malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

14    against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see*

15    *also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

16    1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

17    2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

18    *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

19    ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

20    1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see*

21    *also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

22            A complaint "must contain a 'short and plain statement of the claim showing that the

23    pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R.

24

1    Civ. P. 8(a)(2)). To state a claim on which relief may be granted, plaintiff must go beyond an

2    "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked

3    assertions devoid of further factual enhancement." *Id.* at 678 (internal quotation marks and

4    citations omitted). Although the Court liberally interprets a *pro se* complaint, even a liberal

5    interpretation will not supply essential elements of a claim that plaintiff has not pleaded. *See Ivey*

6    *v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). In addition to setting forth the legal

7    framework of a claim, there must be sufficient factual allegations undergirding that framework

8    "to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v.*

9    *Twombly*, 550 U.S. 544, 570 (2007)).

10    **II.    Form of Complaint**

11        Plaintiff's proposed complaint is 80 pages long, it is repetitive and "incorporates" various

12    facts or "counts" throughout the complaint against unspecified defendants, it includes lengthy

13    recitations of law, and it presents a series of allegations without clearly identifying causes of

14    action and defendants or, when it does identify defendants, jumps from one defendant's conduct

15    to another within the same sentence, which makes it particularly difficult to determine what

16    claims plaintiff intends to bring and against whom. A complaint that is too verbose, long,

17    confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule

18    8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011); *McHenry v.*

19    *Renne,* 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint

20    that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v.*

21    *Reliance Ins. Co.,* 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a

22    complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); *Nevijel v.*

23    *North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a) is violated

24

1  when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Schmidt*

2  *v. Herrmann,* 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of

3  "confusing, distracting, ambiguous, and unintelligible pleadings"). Plaintiff's proposed

4  complaint should be dismissed for this reason alone. However, the Court exercises its discretion

5  to further screen the claims it has managed to identify within the proposed complaint.

6      **III.**    **42 U.S.C. § 2000d (Title VI)**

7      Plaintiff seeks to bring a Title VI claim against various defendants. *See* Dkt. 1-1 at 24–30,

8  38. To state a claim under Title VI of the 1964 Civil Rights Act, a plaintiff must allege that an

9  entity is engaging in discrimination on the basis of a prohibited ground and that the entity

10  receives federal financial assistance. *See Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439,

11  1447 (9th Cir. 1994) (citations omitted), *overruled on other grounds by Daviton v.*

12  *Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001).

13      Plaintiff is aware that many of the defendants he is attempting to sue under 42 U.S.C. §

14  1983—such as the State of Washington, judges, and prosecutors—have absolute immunity to

15  claims for damages. To get around that obstacle, plaintiff insists that he can abrogate these

16  defendants' immunity by asserting a Title VI claim against them. Plaintiff summarizes his

17  strategy as follows: "42 U. S. C. 2000d, et seq, under Title VI of the Civil Rights Act of 1964,

18  [a]b[ro]gates [a]ll [i]mmunity upon the acceptance of [f]ederal [f]unding, because [p]ro [s]e

19  [p]laintiff David Webb is [a]lleging [i]ntentional [d]iscrimination [a]gainst [a]ll [d]efendants in

20  their [o]fficial [c]apacity based on Plaintiff Webb's [r]ace, [c]olor and [n]ational [o]rigin as an

21  African American [m]ale under 42 U. S. C. [§]1983." Dkt. 1-1 at 25. The Court rejected that

22  strategy last time plaintiff tried it and recommends that it be rejected again.

23

24

1    In response to this Court's order to show cause, plaintiff states that he cured the

2    deficiencies previously identified with this claim because he is alleging the named defendants

3    intentionally discriminated against plaintiff by "maliciously" prosecuting him as punishment "for

4    [s]leeping with 275 [m]arried White [w]oman . . . as an African American [m]ale . . . ." Dkt. 10

5    at 3–4. Yet, the only allegations to support a claim for intentional discrimination are his

6    allegations that his public defender told him that "'the powers to be' wanted to teach [plaintiff] a

7    lesson" for "[s]leeping with so many [m]arried White [w]oman in [o]ur [c]ounty." Dkt. 1-1 at 38.

8    It is unclear who the "powers to be" are but it appears that plaintiff is alleging that everyone

9    involved in his criminal prosecution is culpable. The Court concludes that plaintiff cannot

10   proceed with a Title VI claim based solely on conjecture that dozens of defendants all wanted to

11   punish him for sleeping with married White woman. It is clear to the Court that plaintiff is only

12   bringing a Title VI claim because he believes he can abrogate certain defendant's immunity to §

13   1983 claims for damages. Thus, the Court recommends that plaintiff's Title VI claim be

14   dismissed against all defendants.

15   **IV.     42 U.S.C. § 1983**

16        To state a claim under § 1983, plaintiff must allege facts showing (1) the conduct about

17   which he complains was committed by a person acting under the color of state law; and (2) the

18   conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d

19   583, 587 (9th Cir. 1989). In addition, plaintiff must allege that he suffered a specific injury as a

20   result of the conduct of a particular defendant, and he must allege an affirmative link between the

21   injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

22        If the person named as a defendant was a supervisory official, plaintiff must either state

23   that the defendant personally participated in the constitutional deprivation (and tell the Court the

24

1    things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was

2    aware of the similar widespread abuses, but with deliberate indifference to plaintiff's

3    constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts

4    to support this claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658,

5    691 (1978).

6         Plaintiff must repeat this process for each person he names as a defendant. If plaintiff

7    fails to affirmatively link the conduct of each named defendant with the specific injury suffered

8    by plaintiff, the claim against that defendant will be dismissed for failure to state a claim.

9    Conclusory allegations that a defendant or a group of defendants have violated a constitutional

10   right are not acceptable and will be dismissed.

11                    **A.  State of Washington**

12        Plaintiff seeks to bring § 1983 claims against the State of Washington and Attorney

13   General Robert W. Ferguson in his official capacity. *See* Dkt. 1-1 at 9, 30. It is unclear exactly

14   what constitutional rights plaintiff is alleging these defendants violated, but it appears that he is

15   alleging that they violated his First, Fourth, and Fourteenth Amendment rights. *See id.* at 39.

16   Regardless, this Court informed plaintiff in the first action that "[t]he Eleventh Amendment has

17   been authoritatively construed to deprive federal courts of jurisdiction over suits by private

18   parties against unconsenting States." Cause No. 3:21-cv-05761-TL, Dkt. 9 at 7 (citing *Seven Up*

19   *Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008)). That immunity applies to a

20   state's agencies and state agency officials in their official capacity. *See Beentjes v. Placer Cty.*

21   *Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005); *Will v. Mich. Dep't of State*

22   *Police*, 491 U.S. 58, 71 (1989). An exception allows for claims against state officials in their

23

24

official capacity—but the remedy sought must be declaratory or injunctive relief. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018).

Here, plaintiff is only seeking monetary damages against the state of Washington and defendant Ferguson. *See* Dkt. 1-1 at 78. In his response to the Court's order to show cause, plaintiff states that this claim is different from the claim he brought in the prior action because he has omitted several state defendants that were included in the first action. *See* Dkt. 10 at 7. But that does not cure the main deficiency with his claim against the State of Washington defendants: that these defendants have Eleventh Amendment immunity. As to that issue, plaintiff states that the State of Washington and defendant Ferguson consented to be sued in federal court when they entered into a contract to receive federal funding from the United States Department of Justice. *See* Dkt. 10 at 7. The Court has already rejected plaintiff's theory that he can strip immunity from defendants with Title VI and sue them under § 1983. *See supra* Section III. Plaintiff cannot bring § 1983 claims for damages against these defendants without their consent. Accordingly, the Court recommends that plaintiff's claims against the State of Washington and defendant Ferguson be dismissed with prejudice.

### B. Kitsap County

Plaintiff names Kitsap County and Kitsap County Sheriff, John Gese, as defendants in his proposed amended complaint. *See* Dkt. 1-1 at 9, 33. Plaintiff alleges that Kitsap County violated plaintiff's First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. *See id.* at 33. The Court recommended that these claims be dismissed in the previous action because plaintiff did not allege that any Kitsap County policy, regulation, or custom violated a constitutional or statutory right and he was merely alleging supervisory liability, which is not available in § 1983 claims. *See* Cause No. 3:21-cv-05761-TL, Dkt. 9 at 8.

1       Plaintiff argues that he cured the deficiencies identified in his previous action because he

2  now alleges that these defendants ignored "Washington State Rules/Regulations/Laws and the

3  Kitsap County Sheriff's Office Jail Inmate Handbook." Dkt. 10 at 9. However, his citations to

4  the proposed complaint reveal no such allegations. *See id.* (citing Dkt. 1-1 at 33–35, 37–39).

5  Even if it is buried within the lengthy proposed complaint, the conclusory allegation would not

6  be sufficient to state a colorable § 1983 claim against Kitsap County. Plaintiff does not state that

7  a policy, regulation, or custom resulted in the violation of his constitutional rights and seems to

8  allege the opposite: that these defendants violated their own policies.

9       Accordingly, the Court recommends that plaintiff's § 1983 claims against these

10  defendants be dismissed without prejudice.

11       **C. Prosecutors**

12       Plaintiff names Chad M. Enright, Jennine Christensen, and Kelly Marie Montgomery as

13  defendants in his proposed complaint. *See* Dkt. 1-1 at 9–10, 35. Plaintiff alleges that these

14  defendants violated his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights when they

15  prosecuted him. *See id.* at 35. The Court previously dismissed these claims because "acts

16  undertaken by a prosecutor 'in preparing for the initiation of judicial proceedings or for trial, and

17  which occur in the course of his role as an advocate for the State,' are entitled to the protections

18  of absolute immunity." Cause No. 3:21-cv-05761-TL, Dkt. 9 at 9 (quoting *Milstein v. Cooley*,

19  257 F.3d 1004, 1008 (9th Cir. 2001)). A prosecutor's functions that are protected by absolute

20  immunity include initiating a prosecution and presenting the state's case and preparing and filing

21  an arrest warrant. *KRL v. Moore*, 384 F.3d 1105, 1110– 11 (9th Cir. 2004) (citations omitted).

22       In response to the Court's order to show cause, plaintiff argues that he has abrogated

23  these defendants' immunity by alleging they intentionally discriminated against him. *See* Dkt. 10

24

REPORT AND RECOMMENDATION - 9

1    at 10. The Court rejects this argument for the reasons stated above. *See supra* section III.

2    Plaintiff also alleges that these defendants obtained false statements to prosecute him, but he fails

3    to provide sufficient allegations to support such a claim. *See* Dkt. 10 at 10; Dkt. 1-1 at 35.

4    Accordingly, the Court recommends that plaintiff's § 1983 claims against these defendants be

5    dismissed with prejudice.

6                    **D.  Corrections Officers and Dr. Hedlund**

7            Plaintiff names Lucas W. Davis, D. Glover, Jeff Taylor, Lori Lee Capurso, Dalton J.

8    Murray, Amber R. Nolan, Shomari J. Burton, Pascual Rocha, Sergeant Scott S. Billingsley, Jaron

9    D. Branson, Richard Ray Campbell, Sergeant Richard Fitzwater, Lieutenant Roxanne A. Payne,

10   and Dr. Lynn Hedlund as defendants. *See* Dkt. 1-1 at 11–15, 35, 58. Plaintiff makes numerous

11   allegations against these defendants that are identical to the allegations the Court found

12   insufficient to state a claim in plaintiff's previous case. *Compare* Dkt. 1-1 at 60–68, *with* Cause

13   No. 3:21-cv-057641-TL, Dkt. 6 at 37–44.

14           For example, plaintiff alleges that defendants Fitzwater and Payne violated plaintiff's

15   constitutional rights when they searched and confiscated his legal documents during his booking

16   process. *See* Dkt. 1-1 at 56. However, searches during the booking process are "incidental

17   administrative steps" and do not violate the Fourth Amendment's preclusion against

18   warrantless searches and seizures. *Illinois v. Lafayette,* 462 U.S. 640, 644 (1983). This Fourth

19   Amendment exception "permits warrantless searches incident to custodial arrests, and has

20   traditionally been justified by the reasonableness of searching for weapons, instruments of

21   escape, and evidence of crime when a person is taken into official custody and lawfully

22   detained." *United States v. Edwards,* 415 U.S. 800, 802–03 (1974) (citing *United States v.*

23   *Robinson,* 414 U.S. 218 (1973)).

24

1    Plaintiff alleges that defendants Hedlund, Davis, Glover, Taylor, Capurso, Billingsley,

2 Murray, Burton, and Nolan violated plaintiff's constitutional rights when they placed him in a

3 suicide holding cell for refusing to eat for several days. *See* Dkt. 1-1 at 59–61. Plaintiff appears

4 to allege that he had a right to die and that he was punished for exercising that right. *See id.* at 59.

5 However, a pretrial detainee's right to be free from punishment is not violated if conditions or

6 restrictions used are reasonably related to a legitimate objective. *See Block v. Rutherford*, 468

7 U.S. 576, 584 (1984) (citing *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979)). According to

8 plaintiff's allegations, the restrictions imposed on plaintiff appear related to the legitimate

9 objective of preventing his suicide.

10    Plaintiff alleges that defendant Branson used excessive force against plaintiff when he

11 grabbed plaintiff "extremely forceful from behind on the back of the collar and pushed [plaintiff]

12 approximately 50 feet without warning" and caused him to urinate himself from the fear of being

13 taken back to solitary confinement. Dkt. 1-1 at 66. To state a colorable claim for excessive force,

14 plaintiff must allege enough facts to establish that (1) defendant used force on plaintiff, (2)

15 defendant's use of force was objectively unreasonable in light of the facts and circumstances at

16 the time, (3) defendant knew that using force presented a risk of harm to plaintiff, but he

17 recklessly disregarded plaintiff's safety by failing to take reasonable measures to minimize the

18 risk of harm to plaintiff, and (4) defendant's conduct caused some harm to plaintiff. *See Kingsley*

19 *v. Hendrickson*, 576 U.S. 389, 393–395 (2015). Plaintiff has not alleged sufficient facts to state

20 an excessive force claim. Conclusory statements that defendant grabbed plaintiff "extremely

21 forceful" are not enough. Such allegations are akin to "unadorned, the-defendant-unlawfully-

22 harmed-me accusation[s]" and "naked assertion[s]" that fail to state a claim. *Ashcroft*, 556 U.S.

23 at 678. Notably, plaintiff does not allege that he suffered any injuries as a result of the use of

24

1  force and his allegation that he urinated on himself appears to have resulted from the fear of

2  being taken back to his cell rather than the use of force. *See* Dkt. 1-1 at 66.

3        The Court explained all of these deficiencies to plaintiff when it recommended their

4  dismissal in plaintiff's prior action. *See* Cause No. 3:21-cv-05761-TL, Dkt. 9 at 10–12. Plaintiff

5  argues that he cured those deficiencies because he is now alleging that all of these defendants

6  ignored "Washington State Rules/Regulations/Laws and the Kitsap County Sheriff's Office Jail

7  Inmate Handbook." Dkt. 10 at 15. However, that does not address the deficiencies described

8  above, and a failure to follow internal policies or state law does not establish a federal

9  constitutional violation. *See Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009); *See*

10  *also Paul v. Davis,* 424 U.S. 693, 699–700 (1976) (a claim cannot be stated under Section

11  1983 for a violation of state or local law).

12        Accordingly, the Court recommends that all of the claims against defendants Davis,

13  Glover, Taylor, Capurso, Murray, Nolan, Burton, Rocha, Billingsley, Branson, Campbell,

14  Fitzwater, Payne, and Dr. Lynn Hedlund be dismissed without prejudice for failure to state

15  claim.

16                            **E.  McDonald's**

17        Plaintiff names McDonald's Corporation and several employees of a McDonald's

18  franchise, ranging from cashier to swing manager, as defendants. *See* Dkt. 1-1 at 16–18, 39. In

19  the previous action, plaintiff attempted to sue these defendants based on state law violations,

20  which the Court recommended be dismissed because they would not be "so related" to the other

21  claims in his complaint that the Court may exercise supplemental jurisdiction. *See* Cause No.

22  3:21-cv-05761-TL, Dkt. 9 at 13. In the present action, plaintiff alleges that these defendants

23  violated his First and Fourteenth Amendment rights because of their "[p]ersonal [v]olunteer

24

1  [p]articipation with the Port Orchard Police Department [l]aw [e]nforcement [o]fficers and

2  Kitsap County Prosecutors in the [m]alicious [p]rosecution . . . ." Dkt. 1-1 at 36.

3      In his response to the Court's order to show cause, plaintiff argues that these defendants

4  acted under color of state law because "of their voluntary participation with the Port Orchard

5  Police Department and State of Washington . . . ." Dkt. 10 at 16. However, plaintiff does not

6  allege any facts in his proposed complaint to suggest that these defendants took any actions that

7  turned them into state actors. "[M]erely complaining to the police does not convert a private

8  party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) (citations

9  omitted). Further, although his First Amendment violation allegation against these defendants is

10  unclear, it is "undisputed that the First Amendment of the United States Constitution only applies

11  to government actors; it does not apply to private corporations or persons." *See Redden v. The*

12  *Women's Ctr. of San Joaquin Cty.*, 2006 WL 132088, at *1 (N.D. Cal. Jan. 17, 2006). Therefore,

13  Plaintiff's § 1983 claims against private citizens and private companies for violations of his First

14  Amendment rights are not cognizable.

15      Accordingly, the Court recommends that plaintiff's §1983 claims against McDonald's

16  corporation, Brain Beaulaurier, Cheyenee Jae Buckley, Erica Dawn Sires, William Plevich,

17  Michael Hoffman, and Shana Marie Harrington be dismissed with prejudice.

18                          **F.  Nurse Fletcher**

19      Plaintiff named LaShara Fletcher as a defendant (*see* Dkt. 1-1 at 16) but the Court did not

20  identify any allegations implicating this defendant in the proposed complaint. In his response to

21  the Court's order to show cause, plaintiff argues that he alleged in his proposed complaint that

22  defendant Fletcher made a false statement that led to his hospitalization. *See* Dkt. 10 at 16–17.

23  However, plaintiff does not cite to the location of those allegations in his proposed complaint.

24

Further, the Court dismissed an identical claim against this defendant in plaintiff's previous action and plaintiff does not appear to have any additional allegations that would support a claim against this defendant. Accordingly, plaintiff has failed to state a claim against defendant Fletcher, and she should be dismissed from the action.

### G. Judges

Plaintiff names ten judges as defendants in their official capacities. *See* Dkt. 1-1 at 18–20, 37. He alleges that "[t]he Kitsap County Judges violated [plaintiff's] 1st, 4th, 6th, 8th, [and] 14th Amendments . . . from [t]heir [p]ersonal [p]articipation in the [m]alicious [p]rosecution of a 'Factually Innocent' African American [m]ale." Dkt. 1-1 at 39. Judge Lin previously dismissed plaintiff's claims against these defendants because they "appeared to be acting in the normal course of their duties and . . . are protected by absolute immunity for actions taken within an official capacity." Cause No. 3:21-cv-05761-TL, Dkt. 19 at 4 (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

In his response to this Court's order to show cause as to how this action differs from the last, plaintiff states that he cured the deficiencies identified with his claims against these defendants because he alleges that the actions taken by the judges were "taken in the complete absence of all jurisdiction." Dkt. 10 at 4. However, a review of his proposed complaint reveals no such allegation. Even if he did make such a conclusory allegation, it would not be enough to state a claim against these defendants. Accordingly, the Court recommends that plaintiff's claims against these defendants be dismissed with prejudice.

### V.    State Law Claims

Plaintiff seeks to bring state law claims against various defendants, such as Kevin M. Anderson, Curt William Schulz, Paul D. Thimons, Nicholas Joseph Dupont, and John Scott

Bougher—all public defenders. *See* Dkt. 1-1 at 10–11, 15, 70, 72, 74–77. The Court declines to

assess whether plaintiff has stated a claim under Washington state law because plaintiff has

failed to provide a viable federal claim which would give the Court jurisdiction over related state

law claims. Further, nonfederal claims may be brought in a case with federal claims only when

they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would

ordinarily be expected to try them in one judicial proceeding.'" *Trustees of Constr. Indus. &*

*Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925

(9th Cir. 2003). That does not appear to be the case here. Accordingly, the Court recommends

that any state law claims be dismissed for lack of jurisdiction under 28 U.S.C. § 1367(a).

### VI.    Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must

have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

The Court would ordinarily give plaintiff that opportunity. However, based on his response to

this Court's order to show cause and the fact that amendments in his first action were

unsuccessful, it appears that plaintiff is incapable or unwilling to cure the deficiencies. Thus,

giving plaintiff an opportunity to amend his proposed complaint would be futile. *See Leadsinger,*

*Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S.

178, 182 (1962)) (A district court may, in its discretion, "deny leave to amend due to 'undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, [and] futility of amendment.'").

1    Further, "[u]nrelated claims against different defendants must be brought in separate

2    lawsuits. *See Gould v. California Dep't of Corr. & Rehab.*, No. 19-CV-00015-HSG, 2019 WL

3    2059660, at *4 (N.D. Cal. May 9, 2019). Unlike the previous action, the Court cannot discern

4    which is the primary claim in plaintiff's proposed complaint. Accordingly, the Court

5    recommends that plaintiff's proposed complaint be dismissed without leave to amend.

6                                    **CONCLUSION**

7        The Court recommends that plaintiff's proposed amended complaint be dismissed.

8    Specifically, the Court recommends that plaintiff's claims against the State of Washington,

9    prosecutors, judges, and McDonald's be dismissed with prejudice. The remaining claims should

10   be dismissed without prejudice. Plaintiff's motion to proceed IFP should be denied as moot, and

11   that the case should be closed.

12       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

13   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

14   6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

15   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

16   objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

17   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).  Accommodating the time limit imposed by Rule

18   72(b), the Clerk is directed to set the matter for consideration on **October 7, 2022**, as noted in

19   the caption.

20       Dated this 23rd day of September, 2022.

21

22

23   J. Richard Creatura
     Chief United States Magistrate Judge

24